**SO ORDERED.**

**SIGNED this 19th day of February, 2021.**

BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

---

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION**

| | |
|---|---|
| IN RE: | |
| | Case No. 19-10672 |
| Emily Rose Bennett, | Chapter 7 |
| Debtor. | |
| | |
| Brian R. Anderson, | |
| Chapter 7 Trustee for the Estate | |
| of Emily Rose Bennett, | Adv. No. 20-02012 |
| | |
| Plaintiff, | |
| | |
| v. | |
| | |
| Lisa Marlene Bennett-Smith, | |
| | |
| Defendant. | |

**MEMORANDUM OPINION REGARDING TRUSTEE'S
MOTION FOR SUMMARY JUDGMENT**

This adversary proceeding is before the Court on the Motion for Summary Judgment ("Motion for Summary Judgment") filed on December 18, 2020 by the Plaintiff Brian R. Anderson, the Chapter

7 Trustee ("Trustee").[1]  ECF No. 36.  Along with the Motion for Summary Judgment, the Trustee filed a Memorandum in Support of the Motion for Summary Judgment (the "Memorandum in Support").  ECF No. 37.  For the reasons set forth below, the Court will grant the Trustee's Motion for Summary Judgment.

**PROCEDURAL BACKGROUND**

On June 20, 2019, the Debtor, Emily Rose Bennett ("Debtor"), filed a petition for relief under chapter 7 of the Bankruptcy Code. [Case No. 19-10672].  On April 22, 2020, Trustee filed the Complaint against Defendant seeking to avoid the voidable transfer of real property and recover it or its value pursuant to 11 U.S.C. §§ 544(b) and 550 and N.C. Gen. Stat. § 39-23.5.  Defendant timely filed her Answer to the Complaint on June 14, 2020.  ECF No. 11. A few months later on October 26, 2020, Trustee served the following documents on Defendant: Interrogatories, Requests for Production of Documents, and Requests for Admission (collectively, "Discovery Requests").  ECF No. 37 at ¶ 13.  Defendant failed to answer any of the Trustee's Discovery Requests, including the Requests for Admission, within 30 days required by Fed. R. Civ. P.

---

[1] Trustee filed this adversary proceeding against Defendant Lisa Marlene Bennett-Smith ("Defendant") on April 22, 2020 (the "Complaint").  ECF No. 1. In his Complaint, Trustee asserted the following two claims against Defendant:

Claim No. 1:    Avoidance of Constructively Fraudulent Transfer
Claim No. 2:    Recovery and Preservation for the Benefit of the Estate.

On April 22, 2020, the Trustee filed a Motion Requesting Deferral of Filing Fee, and on April 23, 2020, the Court granted the motion.  ECF Nos. 2 and 4.

36, made applicable to this adversary proceeding by Bankruptcy Rule 7036.

Thereafter, Defendant's counsel filed a motion to withdraw as attorney, amended his motion to withdraw the next day, and shortly thereafter filed a second amended motion to withdraw. ECF Nos. 20, 21, and 22. Approximately a week later on September 30, 2020, Defendant's counsel withdrew his motion to withdraw as amended, ECF No. 25, and promptly re-filed a new motion to withdraw as attorney ("Motion to Withdraw"). ECF No. 26. Contemporaneously, Defendant's counsel filed a motion to seal the first three motions to withdraw. ECF No. 27. On October 1, 2020, the Court entered an Order Granting the Motion to Seal Documents 20, 21, and 22. ECF No. 29. The Court held a hearing on October 13, 2020 on the Motion to Withdraw [ECF No. 26], at which Defendant appeared telephonically and stated that she did not object. The Court granted counsel's Motion to Withdraw as attorney for Defendant, ECF No. 35 at 0:33-0:52, and entered an order effectuating this ruling on October 15, 2020. ECF No. 33.

On December 18, 2020, Trustee filed the Motion for Summary Judgment accompanied by the Memorandum in Support, and properly and timely served those papers on Defendant. ECF Nos. 32 and 38. Defendant received due and proper notice of the motion. Defendant did not file response to the Motion for Summary Judgment.

**FACTUAL BACKGROUND**[2]

Prior to filing her bankruptcy case, Debtor owned an undivided fee simple interest in real property located at 970 N. US #1 Hwy., Rockingham, North Carolina 28379 (the "Property"). See ECF No. 37 at 2 ¶ 4, and 21-22 ¶ 4 (Trustee's Requests for Admission ("Trustee's ROA")).  On December 6, 2016, Debtor signed and executed a North Carolina Durable Power of Attorney Form appointing Defendant as her attorney-in-fact and granting her authority to conduct a series of transactions including real property transactions.  Id. at 2 ¶ 5.  A few days later, on December 9, 2016, Debtor signed and executed a North Carolina General Warranty Deed transferring the Property to Defendant while reserving "a life estate for and during the term of the natural life [of the

---

[2] The facts set forth in Trustee's Memorandum in Support are deemed admitted. Local Rule 7056-1(c).  Under Rule 36(a)(3), requests for admission are deemed admitted unless the party to whom the requests are directed affirmatively admits or denies the request within 30 days after service of the request has been made. Fed. R. Civ. P. 36(a)(3); Fed. R. Bankr. P. Rule 7036.  Therefore, Defendant also has admitted the facts in the Trustee's Requests for Admission.  A failure to answer requests for admission can form the basis for granting summary judgment.  United States v. Kasuboski, 834 F.2d 1345, 1350 (7th Cir. 1987) (holding that a defendant's failure to answer a request for admission constitutes admission of each matter for which admission was sought, and can serve as the factual predicate for summary judgment); Donovan v. Carls Drug Co., Inc., 703 F.2d 650, 651 (2d Cir. 1983), rejected on other grounds by McLaughlin v. Richland Shoe Co., 486 U.S. 128, 134 (1988) (explaining that admissions made as a result of defendants failure to answer request for admission may be used for Rule 56 summary judgment); Hartwig Poultry, Inc. v. Am. Eagle Poultry (In re Hartwig Poultry, Inc.), 54 B.R. 37, 39 (Bankr. N.D. Ohio 1985) (stating that a party's failure to answer requests for admission resulted in facts being deemed true, and may be used as the basis for summary judgment) (citations omitted); USRP (Gant 1), LLC v. Langston, Case No. 4:04-CV-143-D, 2006 WL 4681143, at *6 (E.D.N.C. March 13, 2006) (explaining that "[a] Rule 36 admission, even one obtained by the failure to timely respond to the request, can form the basis for summary judgment.") (citations omitted).

Debtor]." See id. at 37-38, Ex. B (North Carolina General Warranty Deed Reserving Life Estates of Emily E. Bennett). Debtor transferred the Property to Defendant without receiving any consideration for the conveyance or any reasonably equivalent value. Id. at 2 and 25-26 ¶ 15 (Trustee's RFA). The transferred Property has an approximate present value over $60,000.00. Id. at 25 ¶ 14. At the time Debtor transferred the Property to Defendant, Debtor owed money to multiple creditors, including CommunityOne Bank, N.A. and Dieffenbach Chevy-Buick-GMC-Cadillac (now Ameris Bank). Id. at 2-3 and 24 ¶ 11 (Trustee's RFA). Debtor was or became insolvent as a result of the transfer of Property to Defendant as it was Debtor's primary asset and Debtor's debts were greater than her assets. Id. at 6 and 26-27 ¶¶ 17-19 (Trustee's ROA).

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment is governed by Fed. R. Civ. P. 56, which is made applicable to this adversary proceeding by Fed. R. Bankr. P. 7056. Under Rule 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing Rule 56(c) for authority). The moving party seeking "summary judgment always bears the initial responsibility of informing the . . . court of

the basis for its motion, and . . . [must] demonstrate the absence of a genuine issue of material fact." Id. at 323.  In determining whether summary judgment should be granted, the Court will view the record in the light most favorable to the party opposing summary judgment.  Harris v. Beneficial Okla., Inc. (In re Harris), 209 B.R. 990, 995 (B.A.P. 10th Cir. 1997) (citations omitted).

In order to defeat a motion for summary judgment, the opposing party may not simply rest on its pleading or denials of the allegations, but must demonstrate that genuine issues of material fact require a trial.  Ivey v. McDaniel (In re EBW Laser, Inc.), Case Nos. 05-10220C-7G, 05-10221C-7G, AP No. 07-2004, 2009 WL 116995, at *3 (Bankr. M.D.N.C. Jan. 15, 2009).  The court must grant a motion for summary judgment "[w]hen the entire record taken as a whole could not lead a rational trier of fact to find for the non-moving party."  In re Trauger, 101 B.R. 378, 380 (Bankr. S.D. Fla. 1989) (citing Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585-56 (1986)).

## DISCUSSION

**A. First Claim for Relief – Avoidance of Constructively Fraudulent Transfer under Section 544 of the Bankruptcy Code**

Under § 544(b) of the Bankruptcy Code, a trustee may avoid a transfer that is voidable by a creditor under applicable law.  11 U.S.C. § 544(b).  The trustee's avoiding powers under § 544 come into existence "as of the commencement of the case . . .."  Id.

§ 544(a). Trustee has established the necessary elements for a claim of constructive fraudulent transfer. Trustee asserts that the transfer of Debtor's interest in the Property is voidable under North Carolina state law. In North Carolina, certain transfers are voidable by a creditor under N.C. Gen. Stat. § 39-23.5. Section 39-23.5(a) specifically provides that:

> A transfer[3] made or obligation incurred by a debtor is voidable as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

N.C. Gen. Stat. § 39-23.5(a). "[A] creditor making a claim for relief under subsection (a) . . . of this section [39-23.5] has the burden of proving the elements of the claim for relief by a preponderance of the evidence." Id. § 39-23.5(c).

Trustee has established for purposes of summary judgment that the transfer of the Property from Debtor to Defendant is voidable under North Carolina law. The first element of a voidable transfer under § 39-23.5(a) requires that at the time of the transfer, a creditor of the debtor exists whose claim arose before the

---

[3] N.C. Gen. Stat. § 39-23.1(12) defines a transfer "[e]very mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset and includes payment of money, release, lease, license, and creation of a lien or other encumbrance." The North Carolina General Statute defines a debtor as insolvent "if, at a fair valuation, the sum of the debtor's debts is greater than the sum of the debtor's assets." N.C. Gen. Stat. § 39-23.2(a).

transfer.  N.C. Gen. Stat. § 39-23.5(a).  On December 9, 2016, Debtor transferred[4] the Property to Defendant, and, at the time of the transfer, Debtor had multiple creditors including Ameris Bank.  ECF No. 37 at 2-3 ¶ 8.  Debtor did not receive any consideration "in exchange for the Transfer, or alternatively, the Debtor did not receive reasonably equivalent value in exchange for that transfer."[5]  Id. at 25-26 ¶ 15 (Trustee's ROA).  Therefore, Trustee also established that Debtor made the transfer without Debtor receiving reasonably equivalent value.  N.C. Gen. Stat. § 39-23.5(a).  Lastly, Trustee has demonstrated that Debtor was insolvent at the time of the transfer or became insolvent as a result of the transfer.  As a consequence of the December 9, 2016 transfer to Defendant, Debtor became insolvent as her debts were greater than her assets.  ECF No. 37 at 26-27 ¶¶ 18-19.  Therefore, Trustee has established that the December 9, 2016 transfer from Debtor to Defendant was voidable under applicable law, and can be avoided by Trustee under § 544(b) of the Bankruptcy Code.

**B. Second Claim for Relief – Recovery and Preservation for the Benefit of the Estate Under Section 550 of the Bankruptcy Code**

---

[4] This conveyance from the Debtor to the Defendant qualifies as a transfer under N.C. Gen. Stat. § 39-23.1(12).

[5] While the General Deed indicates that the Debtor-Grantor received "valuable consideration paid by the Grantee[the Defendant] the receipt of which is hereby acknowledged . . ." the Defendant has not proffered any evidence demonstrating that such consideration was actually paid and received by the Debtor.  See ECF No. 37 at 37-38, Ex. B (North Carolina General Warranty Deed Reserving Life Estates of Emily E. Bennett).

Under § 550, a trustee may recover the property itself or the value of the property.  11 U.S.C. § 550(a).[6]  Debtor transferred the Property directly to Defendant, making Debtor the transferor and the Defendant the initial transferee under § 550(a)(1).  The Court has discretion whether to order the Defendant to pay the value of the property or to award turnover the property to the bankruptcy estate.  Hirsch v. Gersten (In re Centennial Textiles), 220 B.R. 165, 176-77 (Bankr. S.D.N.Y. 1998), corrected by 220 B.R. 177 (Bankr. S.D.N.Y. 1998) (stating that "the Bankruptcy Code does not provide guidance on when the Court should order payment of the value of property rather than order the return of property itself, it is within the Court's discretion to make such a determination.")(citations omitted).  In exercising its discretion, the Court should consider the intent of § 550 to "restore the estate to the financial condition it would have enjoyed if the transfer had not occurred."  Id. at 176 (citations omitted).

---

[6] Section 550(a) provides:

> (a)  Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544 . . . of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from--
>
> (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
>
> (2) any immediate or mediate transferee of such initial transferee.

11 U.S.C. § 550(a).

The bankruptcy court in <u>Hirsch</u> outlined various factors courts should consider in determining whether to order turnover of the property or payment of the value.  Those factors include (1) whether the value of the property is contested; (2) whether the value of the property is not readily determinable; or (3) whether the value of the property is not diminished by conversion or depreciation.  <u>Id.</u> at 177; <u>see also</u> 5 <u>Collier on Bankruptcy</u> ¶ 550.02 (16th ed. 2020).  In this case, the factors favor ordering the recovery of the Property because the record is insufficient to determine either the value of the property, or whether the value of the Property has been diminished through conversion or depreciation.  Trustee pleads in the Complaint that the "[p]laintiff is entitled to the Property, or the value of such Property . . .." ECF No. 1 at ¶ 25.  Plaintiff is deemed to have admitted that the "present value of the Property exceeds $60,000."  <u>See</u> ECF No. 37 at 25 ¶ 14 (Trustee's RFA).  Nevertheless, the record is devoid of any evidence that sufficiently and precisely establishes the value of the Property for purposes of entering judgment.  Therefore, the Court will award recovery of the property.

## CONCLUSION

The Court, having considered the Motion for Summary Judgment and accompanying Memorandum in Support and the record in this adversary proceeding, concludes that there is no genuine dispute

as to any material facts and that Trustee is entitled to judgment as a matter of law pursuant to Fed. R. Civ. P. 56, made applicable in adversary proceedings by Fed. R. Bankr. P. 7056.  For the reasons set forth above, the Court will enter an Order and Judgment contemporaneously with this memorandum opinion granting the Motion for Summary Judgment.

[END OF DOCUMENT]